UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

Dott Acquisition, LLC,
d/b/a Deco'Plate Manufacturing Company,
d/b/a Dott Manufacturing Company,
d/b/a Deckerville Plastics,

      Debtor.
_____/

Chapter 7

Case No. 10-72255

Hon. Phillip J. Shefferly

### ORDER GRANTING TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE

On May 19, 2014, the Chapter 7 Trustee filed a motion (ECF No. 257) for authority to compromise a pending adversary proceeding and other disputes with TTOD Liquidation, Inc. ("TTOD") and Lapeer Plating & Plastics, Inc. ("LPP"). Attached to the motion is a Settlement Agreement and Mutual Release ("Settlement Agreement"), setting forth the terms of the agreement between the Trustee, on the one hand, and TTOD and LPP, on the other hand. On June 9, 2014, Midwest Business Credit, LLC, n/k/a MW Business Credit, LLC ("Midwest") filed an objection (ECF No. 261) to the motion. On June 16, 2014, the Court held a hearing.

At the conclusion of the hearing, the Court found that the proposed compromise is within the range of reasonableness based upon the Court's consideration of the factors identified by TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414 (1968) and Bauer v. Commerce Union Bank, 859 F.2d 438 (6th Cir. 1988). The Court also overruled all of the Midwest's objections to the motion, with one specific exception. The Court did not rule upon Midwest's objection to the inclusion by the Trustee of a provision in paragraph 5 of the Settlement Agreement obligating the Trustee to "assign to TTOD" any claims and defenses that the bankruptcy estate may have

against Midwest. Reserving its ruling on this objection, the Court requested the Trustee, TTOD and Midwest to file briefs with respect to the legality of the proposed assignment, and adjourned the hearing on the Trustee's motion until July 10, 2014 to consider this last issue once the briefs were filed.

On June 25, 2014, the Trustee filed a declaration (ECF No. 265) informing the Court that the objectionable language contained in paragraph 5 of the Settlement Agreement regarding the Trustee's obligation to "assign to TTOD" claims and defenses against Midwest has now been removed from the Settlement Agreement, and the Trustee no longer seeks authority to include such a provision in her proposed compromise with TTOD and LPP and in the Settlement Agreement. As a result, the Trustee requests that the Court cancel the adjourned hearing and enter an order memorializing the rulings made by the Court on the record on June 16, 2014 and authorizing the Trustee to enter into the compromise as set forth in the revised Settlement Agreement.

The Court agrees with the Trustee that the only issue not ruled upon by the Court at the hearing on June 16, 2014 is now rendered moot by the Trustee eliminating the objectionable assignment provision from paragraph 5 of the Settlement Agreement. As a result, the Court agrees that there is no need for further briefing or an adjourned hearing because the Court has already ruled on all other issues relating to the Trustee's motion and relating to Midwest's objection. The Court is now ready to rule on the Trustee's motion.

Accordingly, for the reasons set forth in this order, and for the reasons set forth by the Court on the record on June 16, 2014, all of which are incorporated herein,

**IT IS HEREBY ORDERED** that the Trustee, TTOD and Midwest shall not file any additional briefs, and the adjourned hearing scheduled for July 10, 2014 is cancelled.

IT IS FURTHER ORDERED that the Trustee's motion for authority to compromise (ECF No. 257) is granted, provided that the assignment of claims and defenses provision contained in paragraph 5 of the Settlement Agreement is stricken as described in the Trustee's declaration (ECF No. 265).

IT IS FURTHER ORDERED that the Trustee is authorized to take all steps reasonably necessary to the implementation of the compromise described in the Trustee's motion and to the execution and implementation of the Settlement Agreement, as modified by the Trustee's declaration.

.

**Signed on June 26, 2014**

                                                                **/s/ Phillip J. Shefferly**
                                                                 **Phillip J. Shefferly**
                                                                 **United States Bankruptcy Judge**