**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In the Matter of: | In Bankruptcy: |
| **DOTT ACQUISITION, LLC,** | Case No. 10-72255-pjs<br>Chapter 7 |
| Debtor.<br>_________________________________/ | Hon. Phillip J. Shefferly |

**MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

K. Jin Lim, chapter 7 trustee ("Trustee") for the estate ("Estate") of the above captioned debtor ("Debtor"), by and through its counsel, Clayson, Schneider & Miller P.C., requests the entry of an order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On or about October 21, 2010, an involuntary petition was filed against the Debtor pursuant to section 303 of the Bankruptcy Code in this Court. On or about October 23, 2010, the Trustee was appointed as the Chapter 7 Trustee of the Debtor's Estate.

4. Since being appointed, the Trustee has administered the Debtor's Estate for the benefit of its creditors in accordance with its power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that maximum value of the Estate's assets is realized include pursuing the sale of any remaining assets.

5. The Trustee has determined that there may exist property of the Debtor's Estate consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned or transferred (collectively, "Remnant Assets").

6. Pursuant to the negotiated purchase agreement attached hereto as Exhibit A (the "Purchase Agreement"), the Trustee proposes to sell the Remnant

Assets to Oak Point Partners, Inc. ("Oak Point") in exchange for a payment of $5,000.00 to the Debtor's Estate (the "Purchase Price").

7. In accordance with the Purchase Agreement, the Remnant Assets expressly exclude: (a) any and all funds held by the Trustee in the Estate's bank accounts earmarked for distribution to creditors and/or payment of professional fees; and (b) the Purchase Price.

8. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sale price for the Remnant Assets, and is the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

**Bidding Procedures**

9. The Trustee has, contemporaneously herewith, filed the Notice of Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief (the "Notice"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court (the "Response Deadline").

10. While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, the "Bidding Procedures"):

a. any party who wants to participate in the overbid process must notify the Trustee of its intention to do so in accordance with the Notice on or before the Response Deadline;

b. each initial overbid for the Remnant Assets must be at least $9,000.00;

c. each Interested Bidder must submit a cashier's check to the Trustee in the amount of such Interested Bidder's initial overbid; and

d. in the event a party other than Oak Point is deemed the winning bidder with respect to the Remnant Assets, such other party shall be required to purchase the Remnant Assets under the same terms and conditions as set forth in the Purchase Agreement.

11. The Trustee believes that the private sale of the Remnant Assets in accordance with the terms of the Purchase Agreement serves the best interests of the Debtor's Estate and creditors, as the sales will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, the sale to Oak Point

should be approved as requested.

## **Basis for Relief Requested**

12. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Federal Rule of Bankruptcy Procedure 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

13. Section 363(b) of the Bankruptcy Code provides, in pertinent part, that a debtor, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b), (1); see In re Ames Dept. Stores, Inc., 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992). In addition, § 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

14. The proposed use, sale, or lease of property of the estate may be approved under §363(b) of the Bankruptcy Code if it is supported by sound business justification. *See* In re Lionel Corp., 722 F.2d 1063, 1070-71 (2d Cir. 1983); In re Ionosphere Clubs, Inc., 184 B.R. 648 (S.D.N.Y. 1995); In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143 (3d Cir. 1986); In re Delaware & Hudson Ry. Co., 124 B.R. 169, 175-76 (D. Del. 1991); and In re Martin (Myers v.

Martin), 91 F.3d, 395 (3d Cir. 1996). Moreover, pursuant to § 105, the Court has expansive equitable powers to fashion any order or decree which is in the interest of preserving or protecting the value of the Debtor's assets. *See, e.g.,* In re Chinichian, 784 F.2d 1440, 1443 (9th Cir. 1986).

15. The Trustee's authority to sell the Remnant Assets is amplified in Bankruptcy Rule 6004(f)(1), which in relevant part states that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."

16. In Lionel, one of the seminal and most widely followed cases dealing with asset sales, the Second Circuit determined that a sale of assets could be approved if the debtor or trustee could demonstrate an "articulated business justification" for the sale. In re Lionel, 722 F.2d at 1070. The court further held that the factors to be considered in determining whether a sound business reason exists include the following:

> "the proportionate value of the asset to the estate as a whole, the amount of elapsed time since the filing…the effect of the proposed disposition…of the proceeds to be obtained from the disposition vis-à-vis any appraisals of the property, which of the alternatives of use, sale or lease the proposal envisions and, most importantly perhaps, whether the asset is increasing or decreasing in value. This list is not intended to be exclusive, but merely to provide guidance to the bankruptcy judge."

Id. at 1071.

17. If a sound business justification exists, then a presumption attaches that the decision was informed, in good faith and in the honest belief that the action was in the best interests of the estate. In re Integrated Resources, Inc., 147 B.R. 650, 656 (S.D.N.Y. 1992).

18. In addition to requiring sound business reasons to approve a sale pursuant to Section 363(b) of the Bankruptcy Code, many courts have required a showing that the price to be obtained for assets be fair and reasonable; that the sale to the proposed purchaser was negotiated in good faith; and that it does not unfairly benefit insiders, the purchaser, or a certain creditor or class of creditors. *See*, *e.g*., In re Channel One Communications, 117 B.R. at 494-97; In re Indus. Valley Refrig. & Air Cond. Supplies, Inc., 77 B.R. 15 (Bankr. E.D. Pa. 1987).

19. Additionally, the Court should approve the Trustee's proposed Bidding Procedures. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. *See, e.g*., In re Financial News Network Inc., 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's

length negotiations with the Trustee. Thus, the proposed Bidding Procedures are appropriate and should be approved.

20. The sale of the Remnant Assets is a prudent exercise of the Trustee's business judgment under the circumstances and is in the best interest of the Debtor's Estate and creditors. The Purchase Price for the sale is reasonable and has been negotiated at arm's length. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered for the benefit of the Debtor's Estate and creditors. Accordingly, the Trustee respectfully requests that the Court grant the Motion.

**Waiver of Stay of Order**

21. Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

**Notice**

22. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that such notice is proper and adequate and no further notice is required. The Trustee further requests that this Court determine that such notice is adequate and that other and further notice be waived.

23. No prior application for the relief requested herein has been made to this or any other Court.

**WHEREFORE**, the Trustee respectfully requests that this Court grant the relief requested in this Motion, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: September 8, 2017

*/s/ Peter F. Schneider*
Peter F. Schneider (P-75256)
Attorneys for Trustee
645 Griswold St., Suite 3900
Detroit, MI 48226
(313)237-0850 ext. 4
pete@claysonschneidermiller.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of: In Bankruptcy:

**DOTT ACQUISITION, LLC,**

Debtor.
_______________________________/

Case No. 10-72255-pjs
Chapter 7
Hon. Phillip J. Shefferly

# ***PROPOSED* ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Upon the Motion of K. Jin Lim, chapter 7 trustee (the "Trustee") for the estate (the "Estate") of the above captioned debtor (the "Debtor"), by its counsel, requesting the entry of an order, pursuant to sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 6004, approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") and related relief ("Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice

[1] Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

need be provided and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with its fiduciary duties, and are designed to maximize the value to be achieved for the Remnant Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby **ORDERED, ADJUDGED AND DECREED THAT:**

1. The relief sought in the Motion is **GRANTED.**

2. The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3. The Bidding Procedures are approved in their entirety.

4. The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5. Pursuant to 11 U.S.C. § 363(b), the Trustee is authorized to sell the Remnant Assets to Oak Point for the consideration described in the Motion.

6. Pursuant to 11 U.S.C. § 363(f), the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, and encumbrances, with such liens, claims, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

7. The Trustee and her professionals are authorized to take such action as is necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Purchase Agreement.

8. Oak Point is granted the protections provided to a good faith purchaser under 11 U.S.C. § 363(m).

9. The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets; and shall vest Oak Point with all right, title, and interest in and to the Remnant Assets.

10. The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

11. This Court reserves jurisdiction over the provisions of this order and to hear and determine all matters arising from the implementation of this order.

**IT IS SO ORDERED.**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of: In Bankruptcy:

**DOTT ACQUISITION, LLC,** Case No. 10-72255-pjs
Chapter 7
Debtor. Hon. Phillip J. Shefferly
_______________________________/

**NOTICE OF MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF**

Clayson, Schneider & Miller P.C., attorneys for K. Jin Lim, Chapter 7 Trustee ("Trustee") for the estate of the above captioned Debtor ("Debtor"), has filed papers with the Court entitled Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, within twenty-one (21) days of the date of this Notice, you or your attorney must:

1. File with the Court a written response or an answer, explaining your position at:

United States Bankruptcy Court
211 W. Fort Street, 17th Floor
Detroit, Michigan 48226

**If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.**

You must also mail a copy to:

Peter F. Schneider
645 Griswold, Suite 3900
Detroit, MI 48226

Office of the U.S. Trustee
211 W. Fort Street, Suite 700
Detroit, MI 48226

You must also email and mail a copy to:

Oak Point Partners, Inc.
Attn: Janice A. Alwin
2515 Old Orchard Rd., Ste. 965
Skokie, IL 60077
janice@oakpointpartners.com

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting the relief.**

The Motion states:[2]

1. The Trustee is in the process of winding down the Debtor's bankruptcy case and has determined that there exist property of the Debtor's Estate consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned or transferred (collectively, "Remnant Assets").

2. The Trustee has entered into a purchase agreement with Oak Point Partners, Inc. ("Oak Point") for the sale of the Remnant Assets to Oak Point for a purchase price of $5,000.00 pursuant to 11 U.S.C. §§ 105 and 363.

3. The Trustee believes that:

   a. Purchase Price is the highest and best offer for the sale of the Remnant Assets;

   b. the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets; and

[2] Additional details regarding the sale of the Remnant Assets (as defined herein), including the proposed bidding procedures, can be found in the Motion filed contemporaneously herewith.

c. the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

**WHEREFORE**, the Trustee prays for the authority to sell the Remnant Assets to Oak Point free and clear of liens, claims, interests and encumbrances and such further relief the Court deems proper.

Respectfully submitted,

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: September 8, 2017

*/s/ Peter F. Schneider*
Peter F. Schneider (P-75256)
Attorneys for Trustee
645 Griswold St., Suite 3900
Detroit, MI 48226
(313)237-0850 ext. 4
pete@claysonschneidermiller.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In the Matter of:
**DOTT ACQUISITION, LLC,**

Debtor.
_______________________________/

In Bankruptcy:
Case No. 10-72255-pjs
Chapter 7
Hon. Phillip J. Shefferly

## CERTIFICATE OF SERVICE

Re: Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief; Proposed Order; Notice; and Certificate of Service.

I hereby certify that on the 7th day of September, 2017, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which will send notification of such filing to the Office of the United States Trustee and all those listed by the Court as receiving electronic notices in this case from the Court's CM/ECF system

**CLAYSON, SCHNEIDER & MILLER P.C.**

Dated: June 8, 2017

*/s/ Peter F. Schneider*
Peter F. Schneider (P75256)
Attorneys for Trustee
645 Griswold St., Suite 3900
Detroit, MI 48226
(313) 237-0850 ext. 4
pete@claysonschneidermiller.com